<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UFCW LOCAL 464A; LOCAL 464A UNITED FOOD AND COMMERCIAL WORKERS UNION WELFARE SERVICE BENEFIT FUND, <br>     *Plaintiffs*, <br><br>  v. <br><br>TAEBAEK FRUIT & VEGETABLE CORP., <br><br>     *Defendants*. | Civil No.: 20-cv-676 (KSH) (CLW) <br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

  **I.**  **Introduction**

  This matter comes before the Court on the motion (D.E. 6) of plaintiffs UFCW Local 464A (the "Union") and Local 464A United Food and Commercial Workers Union Welfare Service Benefit Fund (the "Welfare Fund," and with the Union, "plaintiffs") for default judgment against defendant Taebaek Fruit & Vegetable Corp. ("Taebaek"), for unpaid union dues and delinquent contributions to the Welfare Fund.

  **II.**  **Background**

  The complaint alleges as follows. The Union is a labor organization that represents employees in the food service industry. (D.E. 1, Compl. ¶ 1.) The Welfare Fund is a joint labor-management-sponsored trust fund under the Labor Relations Management Act, 29 U.S.C. § 141 *et seq.*, established to provide health and welfare benefits to employees and their families. It is also an employee welfare benefit fund under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* (*Id.* ¶ 2.) The Welfare Fund is funded via employer contributions made under collective bargaining agreements between employers and the Union. (*Id.*) This action has been brought on behalf of the Union and the Welfare Fund through their

respective officers and trustees.  (*Id.* ¶ 3.)

Taebaek owned and operated a grocery store in Fairview, New Jersey, that ceased operations in December 2019.  (*Id.* ¶ 4.)  It is a party to a collective bargaining agreement ("CBA") with the Union, pursuant to which it is obligated to deduct union dues and other fees from the paychecks of employees who authorized those deductions and to remit those amounts to the Union.  (*Id.* ¶¶ 7, 9, 17.)  Pursuant to the CBA and to the Welfare Fund's trust agreement, it must also make timely contributions to the Welfare Fund.  (*Id.* ¶¶ 8, 10.)  According to plaintiffs, they are entitled to interest, liquidated damages, attorneys' fees, and costs when contributions are not paid, or are paid late.  (*Id.* ¶ 11.)

Plaintiffs further allege that from June 2019 forward, Taebaek deducted union dues from employee paychecks but did not remit them to the Union, resulting in unpaid union dues of $9,094.54.  (*Id.* ¶ 12.)  Taebaek also failed to make contributions to the Welfare Fund from June through December 2019, resulting in a $7,708.20 delinquency.  (*Id.* ¶ 13.)  On December 19, 2019, plaintiffs served a demand for the unpaid amounts and afforded a 10-day cure period.  (*Id.* ¶ 14.)  Taebaek failed to cure.  (*Id.* ¶ 15.)

On January 21, 2020, plaintiffs filed their complaint, which alleges (1) unpaid union dues in breach of the CBA (count 1), and (2) unpaid contributions to the Welfare fund in breach of the CBA and trust agreement, in violation of 29 U.S.C. § 1145 (count 2).  After two unsuccessful attempts at personal service of process, plaintiffs served a copy of the summons and complaint upon Taebaek by regular mail and by certified mail, return receipt requested.  (D.E. 4.)  Taebaek did not answer or otherwise respond to the complaint. Default was entered on March 13, 2020. Plaintiffs have now moved for default judgment, relying on a certification of counsel (D.E. 6-1, Hanna Cert.), a brief (D.E. 6-2, Br.), and a statement of damages (D.E. 6-4).

**III.     Legal Standard**

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (Kugler, J.). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535-36 (citations omitted).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *Trs. of the N.J. B.A.C. Health Fund v. Rhodes*, 2017 U.S. Dist. LEXIS 125662, at *4 (D.N.J. Aug. 9, 2017) (Bumb, J.); *Laborers Int'l Union of N. Am. Local No. 199 Welfare, Pension, Apprenticeship & Training, Annuity v. Ramco Solutions*, 2013 U.S. Dist. LEXIS 120769, at *5 (D.N.J. Aug. 26, 2013) (Kugler, J.).

### IV.     Analysis

The threshold requirements for entry of default judgment are met here.  The Court has subject matter jurisdiction pursuant to 29 U.S.C. § 185 and/or 29 U.S.C. § 1132(e), and personal jurisdiction in view of Taebaek's alleged nexus to this state.  (*See* Compl. ¶¶ 4, 6.)  Taebaek was properly served (D.E. 4; Fed. R. Civ. P. 4(e)(1), (h)(1)(A); N.J. Ct. R. 4:4-4(b)(1)(C)), but has not answered or otherwise responded to the complaint, and default has been entered against it.

Accepting the factual allegations of the complaint as true, *see Chanel*, 558 F. Supp. 2d at 535, plaintiffs have also pleaded plausible claims for relief.  With respect to count 1, plaintiffs have alleged that the CBA required Taebaek to withhold union dues from the paychecks of covered employees, and to remit those amounts to the Union.  (Compl. ¶ 17 & Ex. A, Art. 3.)  They further allege that Taebaek made such deductions from June 2019 forward, but in breach of the CBA failed to pay over those amounts to the Union.  (*Id.* ¶¶ 12, 18.)  Taebaek's breach resulted in $9,094.54 in unpaid Union dues.  (*Id.* ¶¶ 12, 19.)  *See Ramco*, 2013 U.S. Dist. LEXIS 120769, at *8-9 (finding analogous claim sufficiently pleaded for purposes of default judgment).

Count 2 also pleads a plausible claim for relief.  Plaintiffs allege that under the CBA and the trust agreement, Taebaek was required to timely pay its contributions to the Welfare Fund and failed to do so from June to December 2019, resulting in a delinquency of $7,708.20 at the time of the complaint's filing, and, by the time the motion for default judgment was filed, $7,849.20.  (Compl. ¶¶ 14, 21-22, 24; Hanna Cert. ¶ 16, Ex. A, at App'x B; Ex. B.)  Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.  In an action to enforce this provision, the

plan is entitled to the unpaid contributions, interest on them, the greater of interest on them or liquidated damages up to 20% of the unpaid contributions, and attorneys' fees and costs. 29 U.S.C. § 1132(g)(2); *see also Ramco*, 2013 U.S. Dist. LEXIS 120769, at *10.

With respect to damages, plaintiffs' counsel has attested to the delinquent amount due to the Union and to the amount of unpaid contributions owed to the Welfare Fund. (Hanna Cert. ¶ 16.) Additionally, as plaintiffs argue and as recognized *supra*, under ERISA, the Welfare Fund is entitled to recover, in addition to the unpaid contributions, interest, plus liquidated damages and attorneys' fees and costs. *See* 29 U.S.C. § 1132(g)(2); *see also* Hanna Cert. ¶¶ 14-15 & Ex. B. With one minor exception,[1] the request for attorneys' fees is sufficiently supported by the billing records counsel has supplied, together with counsel's certification. The attorneys' fees sought reflect 4.4 hours of partner time at $175/hour, and 25.7 hours[2] spent by a recent law graduate awaiting bar admission, at $75/hour, for a total of $2,697.50. The Court finds the amount sought reasonable. *Accord Ramco*, 2013 U.S. Dist. LEXIS 120769, at *13 (in materially similar scenario, finding attorneys' fees of $3,180 reasonable). Additionally, the $400 in costs sought reflect the filing fee for this action. (*See* D.E. 6-4, Statement of Damages.)

The remaining factors also weigh in favor of granting the requested judgment. No meritorious defense is evident from the record. Taebaek's failure to appear or to file any response to the complaint has prevented plaintiff from prosecuting this action and obtaining relief, to its prejudice. *See Joe Hand Promotions, Inc. v. Old Bailey Corp.*, 2018 WL 1327108, at *2 (D.N.J. March 15, 2018) (McNulty, J.); *Ramco*, 2013 U.S. Dist. LEXIS 120769, at *12

---

[1] The billing records reflect a total of 2.9 hours billed for preparing a motion to dismiss. (Hanna Cert., Ex. C.) As the movants here are plaintiffs, this entry appears to be in error, and those 2.9 hours, at the biller's rate of $75/hour, for a total of $217.50, will be deducted from the amount of attorneys' fees sought.

[2] *See* note 1.

("[B]ecause Defendant has wholly failed to answer the Complaint or otherwise appear, Plaintiffs suffer prejudice if they don't receive a default judgment because they have no alternative means of vindicating their claim against the defaulting party."). Finally, the Court may infer the defendant's culpability from its failure to respond. *Rhodes*, 2017 U.S. Dist. LEXIS 125662, at *8; *Ramco*, 2013 U.S. Dist. LEXIS 120769, at *12.

**V.      Conclusion**

For the foregoing reasons, the Court will grant the motion for default judgment. The Union will be awarded $9,094.54. The Welfare Fund will be awarded $7,849.20, plus $484.05 interest, and $1,569.84 in liquidated damages. Plaintiffs will further be awarded $2,697.50 in attorneys' fees and $400 in costs.

An appropriate order and judgment will follow.

Date: December 31, 2020

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J

6